IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| VERNON LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-00088-CV-W-GAF |
| | ) |
| DENIS McDONOUGH, Secretary, | ) |
| United States Department of | ) |
| Veterans Affairs, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is Defendant Denis McDonough's, Secretary of the Department of Veterans Affairs ("VA" or "Defendant"), Motion for Summary Judgment. (Doc. 27). Plaintiff Vernon Lee ("Plaintiff") opposes. (Doc. 43). The VA has filed a reply brief. (Doc. 44). For the following reasons, the VA's Motion for Summary Judgment is GRANTED.

## DISCUSSION

### I. BACKGROUND AND FACTS

On November 10, 2020, Plaintiff filed his first administrative complaint of employment discrimination (Case No. 200J-0589-2020105593) alleging discrimination based on race, age, disability, and color and seeking consideration as a class complaint. (Doc. 43-1). The VA referred the first complaint to the Equal Employment Opportunity Commission ("EEOC") for a determination as to whether the requirements for class certification were met. (Doc. 27-4). On May 17, 2021, the VA granted Plaintiff's request to amend his first complaint to include incidents occurring after its filing to include hostile work environment but noted the complaint was still in abeyance while at the EEOC for determination as to class certification. (Doc. 43-9).

On September 13, 2022, the EEOC denied Plaintiff's request for class certification of his first complaint and sent the complaint back to the VA for resolution of the individual complaints. (Doc. 27-5). On September 20, 2022, the VA issued a "final order" on the first complaint to accept and fully implement the EEOC's September 13 decision without resolving the individual complaints and apprised Plaintiff of his right to appeal that final order within 30 days or to file a civil action within 90 days. (Doc. 27-6). Plaintiff did neither.

While the first complaint was pending, on February 16, 2021, Plaintiff resigned from his job at the VA due to the alleged "discrimination, unfair hiring practices and the retribution I have experienced from filing [the first] complaint." (Doc. 27-7). On May 6, 2021, Plaintiff filed a second administrative complaint of discrimination (Case No. 200J-VI-15-2021102977) alleging discrimination, a hostile work environment, retaliation, and constructive discharged. (Doc. 27-1). Specifically, Plaintiff claimed supervisors Wyatt Merriwether, Eddaliss Gonzalez, and backup supervisor Denise Drummond subjected him to harassment over the final three years of his employment at the VA, alleging that he was not promoted to unspecified jobs including "supervisory positions," had unspecified job duties taken away, was denied unspecified training, was denied personal protective equipment ("PPE"), was charged as AWOL on March 20, 2020, and was forced to train inexperienced supervisors. (*Id.*). The second complaint also alleged that he was constructively discharged from the VA on February 16, 2021, when he was forced to resign. (*Id.*). Plaintiff explained the basis for his constructive discharge allegation as follows: "I would have remained in my position until February 2026, but it became impossible to manage the stress with the discrimination that was occurring. After filing my initial EEO complaint, I was subjected to ongoing retaliation that caused significant exacerbation of my pre-existing PTSD." (Doc. 27-1, p. 2). Plaintiff further alleged the following exacerbated his stress:

2

> Since filing the original complaint, I have been placed under the direct supervision of the individual against whom the previous harassment complaint was filed. She then issued a lowered evaluation that prevented my receiving a performance award. Eventually, that evaluation was changed but the section on which the harassing official was to comment was instead left blank, diminishing the prospects for upward mobility. As a result of my performance rating of Excellent—a ranking I traditionally have received while working at the VA—I was supposed to be given a performance award. That award was significantly delayed and not provided until I made another formal complaint.
>
> I have been performing the duties of a supervisory patient advocate although I have not been given that position. On two occasions, I applied for that position and was passed over. Both of those positions were posted at a GS-12 level for which I was eminently qualified. That position was posted again in approximately February 2021. It was posted at a GS-13 level, instead of the 12, disqualifying me from application. Further, other individuals with less experience and education were actively recruited for the position. Finally, a white female with no experience was hired over me. She contacted me upon her hire and requested that I train her for the position.
>
> After raising concerns of discrimination with the Agency, I have been refused backup to allow me to have a lunch break or fifteen minute breaks. This has been ongoing since November 2020. Additionally, although we have identifiable patient information, we have no shred bin and it has been refused me, requiring that I walk long distances to shred and/or take any breaks. … Because of the distance to the break area and shredder and lack of backup for me, I have forgone lunch times and breaks to accommodate veterans.
>
> I have not been given any support and have been ostracized since the filing of the original EEO complaint.

(Doc. 27-1, pp. 2-3).

The VA dismissed all of the claims in the second complaint as duplicative of the first complaint but did accept Plaintiff's claim of constructive discharge as a new claim. (*Id.*). On January 10, 2022, the VA issued a "final agency decision" on Plaintiff's second complaint upholding the dismissal of Plaintiff's duplicative claims from his first administrative complaint and finding that Plaintiff had not established a viable claim of constructive discharge. (Doc. 27-9).

3

Plaintiff's claims arise from the second administrative complaint of discrimination initiated on May 6, 2021, Case No. 200J-VI-15-2021102977. (Doc. 1 ("Complaint"), ¶ 8). On February 9, 2022, Plaintiff filed the Complaint against Defendants specifically referencing the second administrative complaint, Case No. 200J-VI15-2021102977, as the subject of the complaint. (Complaint). He brought four counts: (1) race discrimination and sex discrimination ("Count 1"); (2) hostile environment based on race, color, and national origin ("Count 2"); (3) retaliation ("Count 3"); and (4) constructive discharge ("Count 4"). (*Id.*). The VA argues summary judgment in its favor is appropriate on Counts 1-3 because the VA dismissed them as duplicative to the first administrative complaint and therefore cannot be considered here. (Doc. 27, pp. 2-5). The VA alternatively argues the first administrative complaint, which encompassed Claims 1-3, was the subject of a final adverse decision by the VA in September 2022, and Plaintiff did not timely appeal or request judicial review. (*Id.* at p. 3, n.6). Regarding Count 4, the VA contends that Plaintiff does not meet the standard necessary to establish a constructive discharge. (*Id.* at pp. 6-10).

## II. LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A court considering a motion for summary judgment must view the evidence and inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party." *Dryer v. NFL*, 814 F.3d 938, 941-42 (8th Cir. 2016). "Once the moving party has made and supported their motion, the nonmoving party must proffer admissible evidence demonstrating a genuine dispute as to a material fact." *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Parties resisting a motion for summary judgment "may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for

trial." *Dryer*, 814 F.3d at 942 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Green Plains Otter Tail, LLC v. Pro-Env't., Inc.*, 953 F.3d 541, 545 (8th Cir. 2020). However, summary judgment should not be granted if a reasonable jury could find for the nonmoving party. *Danker v. City of Council Bluffs, Iowa*, 53 F.4th 420, 423 (8th Cir. 2022) (citing *Anderson*, 477 U.S. at 248).

### III. ANALYSIS

#### A. Constructive Discharge Claim (Count 4)

"Constructive discharge occurs when an employer deliberately renders the employee's working conditions intolerable, thereby forcing her to quit." *Baker v. John Morrell & Co.*, 382 F.3d 816, 829 (8th Cir. 2004). To prove constructive discharge, Plaintiff must show: "(1) a reasonable person in [his] situation would find the working conditions intolerable, and (2) the employer intended to force [Plaintiff] to quit." *Bell v. Baptist Health*, 60 F.4th 1198, 1203 (8th Cir. 2023). "This burden is substantial, as the bar is quite high in constructive discharge cases." *O'Brien v. Dep't of Agric.*, 532 F.3d 805, 810-11 (8th Cir. 2008) (internal quotations, citations, and alterations omitted). In order to establish constructive discharge, conditions must be "sufficiently extraordinary and egregious." *Id.* (citation omitted). "The conduct complained of must have been severe or pervasive enough to create an objectively hostile or abusive work environment, and additionally the plaintiff must subjectively perceive the environment to be abusive." *Johnson v. Runyon*, 137 F.3d 1081, 1083 (8th Cir. 1998) (internal quotation marks and citation omitted); *see also Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). Indeed, "[a] claim of constructive discharge requires aggravating factors or a continuous pattern of discriminatory treatment." *Watson v. Heartland Health Labs., Inc.*, 790 F.3d 856, 863 (8th Cir. 2015) (quotation omitted).

5

Here, the conditions were not sufficiently extraordinary, egregious, severe, or pervasive to warrant a finding of constructive discharge. In his second administrative complaint, Plaintiff points to the following circumstances creating an intolerable work environment: (1) his supervisor initially gave him a low evaluation that was later changed to a performance rating of "Excellent"; (2) this caused his performance award to be "significantly delayed"; (3) an opening for a VA supervisory patient advocate was posted at a GS-13 level rather than at a GS-12 level, which disqualified Plaintiff from applying; (4) the person selected (a white female) was purportedly unqualified and requested that Plaintiff train her after her hiring; (5) he was refused backup, which interfered with him taking scheduled lunch or 15-minute breaks; and (6) he had to walk long distances to the shred bin. None of these circumstances, alone or combined, rise to the level of intolerable working conditions, and Plaintiff has provided no evidence that his working conditions were so intolerable that a reasonable person would have quit, other than his own statements. His complaint that a position was listed at a level that he was not qualified for and that someone was hired for the position that he perceived as unqualified are merely unsubstantiated allegations based only on Plaintiff's statement. Similarly, his complaints regarding lunch and 15-minute breaks being difficult to take without a backup and the breakroom and shredder being a long distance for him to walk are not so intolerable as to compel a reasonable person to resign. *See, e.g., Fischer v. Anderson Corp.*, 483 F.3d 553, 558 n.5 (8th Cir. 2007) (*quoting Tidwell v. Meyer's Bakeries, Inc.*, 93 F.3d 490, 496 (8th Cir. 1996) ("Dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are not so intolerable as to compel a reasonable person to resign.")).

Nor does Plaintiff present any evidence that Defendant intended for him to resign. *Bell*, 60 F.4th at 1203. Defendant never told nor asked him to resign. Defendant gave Plaintiff an

"Excellent" performance evaluation and performance award, albeit not initially or paid as quickly as Plaintiff would have liked. Further, Plaintiff cites only to his *allegations* in his complaint to support his claim. He does not cite any affirmative *evidence*—such as depositions, testimony, or affidavits—that support a genuine dispute on the issue. This is insufficient to defeat summary judgment. *Khoury v. Grp. Health Plan, Inc.*, 615 F.3d 946, 952 (8th Cir. 2010) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) (a party may not rest upon the mere allegations or denials of his pleading); *see also Jones v. Wellpath, LLC*, 77 F.4th 658, 663 (8th Cir. 2023) ("[M]ere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment").

Without such evidence, Plaintiff's claim of constructive discharge fails. *See O'Brien*, 532 F.3d at 810-11. Accordingly, summary judgment in Defendant's favor on Plaintiff's constructive discharge claim is warranted.

**B.     Race and Sex Discrimination; Hostile Environment; Retaliation (Counts 1-3)**

In Counts 1, 2, and 3, Plaintiff alleges he was subjected to race and sex discrimination, a hostile work environment, and retaliation prior to his separation from employment at the VA. However, Plaintiff specifically and solely bases his claims on his second administrative complaint. (Complaint, ¶¶ 8, 12, 14). While the second administrative complaint, filed May 6, 2021, included claims of discrimination based on race, age, retaliation, disability, color, and sex and attached a statement of the alleged discriminatory events (Doc. 27-1), the VA notified Plaintiff on May 17, 2021 that the events complained of that occurred prior to his resignation were already accepted for investigation with his first administrative complaint and as such must be amended to that complaint. (Doc. 27-8, p. 1). The VA, therefore, dismissed the race, age, retaliation, disability, color, and sex claims from the second administrative complaint as duplicate matters pursued in prior EEO activity pursuant to 29 C.F.R. § 1614.107(a)(1). (*Id.*). Consequently, the VA never

7

issued a final agency decision on the merits of Plaintiff's claims of discrimination, hostile work environment, and retaliation arising from events occurring prior to his separation during the processing of the second administrative complaint.  Indeed, the Final Agency Decision on the second administrative complaint reaffirmed that the VA dismissed Plaintiff's race, age, retaliation, disability, color, and sex claims from the second administrative complaint as duplicative to the first administrative complaint. (Doc. 27-9, p. 1 n.1).

At the time Plaintiff filed his case in this Court, his first administrative complaint—including his claims of discrimination, hostile work environment, and retaliation—was still pending at the VA. (*Compare* Doc. 1 (filed February 9, 2022) *with* Doc. 27-6 (VA's final order dated September 20, 2022)).  Thus, given the procedural posture, Plaintiff had <u>not</u> exhausted the merits of his claims of discrimination, hostile work environment, and retaliation arising from events occurring prior to his separation.  And Plaintiff did not amend his Complaint after the VA issued its "final order" on the first administrative complaint on September 20, 2022.[1]  Under these circumstances, Plaintiff has never properly brought the merits of these claims in this Court.

Further, Plaintiff has not argued the VA erred by dismissing his discrimination, hostile work environment, and retaliation claims from the second administrative complaint.  (Doc. 43). Consequently, Plaintiff has waived a procedural challenge to the dismissal of said claims from the second administrative complaint.[2]

Plaintiff cannot now attempt to include claims raised in the first administrative complaint in the present case before this Court.  The only claim included in the VA's Final Agency Decision

---

[1] Plaintiff did request an extension of time to file an amended pleading (Docs. 18, 21), which the Court granted. (Docs. 20, 22).  However, Plaintiff never filed an amended complaint.  (*See* Docket Sheet).  Thus, the original Complaint remains the operative pleading.

[2] To be clear, the Court takes no position on whether the claims were properly dismissed from the second administrative complaint or if the merits of the claims have been exhausted or abandoned at the agency level.

8

on the second administrative claim was the constructive discharge claim, and that is the only claim properly before the Court. Because Counts 1-3 do not arise from the VA's Final Agency Decision on the second administrative complaint, the claims must fail.

## **CONCLUSION**

Plaintiff does not satisfy the standard required to demonstrate constructive discharge for his Count 4. Counts 1, 2, and 3 are not properly before this Court. For these reasons and the reasons discussed above, Defendant's Motion for Summary Judgment is GRANTED.

**IT IS SO ORDERED.**

s/ Gary A. Fenner
GARY A. FENNER, JUDGE
UNITED STATES DISTRICT COURT

DATED: March 18, 2024

9

Case 4:22-cv-00088-GAF   Document 47   Filed 03/18/24   Page 9 of 9